UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID LEE PHILLIPS,<br><br>Plaintiff(s),<br><br>v.<br><br>STATE BAR OF NEVADA, et al.,<br><br>Defendant(s). | Case No. 2:14-CV-2031 JCM (VCF)<br><br>ORDER |

Presently before the court is defendants The State Bar of Nevada (the "State Bar") and Phillip J. Pattee's motion to dismiss the second amended complaint. (Doc. # 10). *Pro se* plaintiff David Lee Phillips filed a response in opposition (doc. # 11), and defendants filed a reply. (Doc. # 14).

**I.  Background**

Plaintiff brings claims against the State Bar and two attorneys who were employed by the State Bar at the time of the allegations underlying the complaint. (Doc. # 7 at 2–3). According to the second amended complaint ("SAC"), there was a civil complaint pending against Mr. Phillips at the time the original complaint in this matter was filed. (*Id.* at 3). Plaintiff alleges that defendant Glenn Machado[1] provided a reporter covering the civil litigation against plaintiff with the information that "there were [seven] other [b]ar [g]rievances pending [against Mr. Phillips]. (*Id.*)

Phillips alleges that such a disclosure, whether made in Mr. Machado's official or individual capacity, violates the Nevada Supreme Court Rules ("NSCR") that govern proceedings related to attorney misconduct, specifically NSCR 121(1). NSCR 121 contains the standards for

---

[1] The record indicates that defendant Glenn Machado has not been served with a copy of the second amended complaint or a summons in this matter. (*See* doc. # 9 at 3). Because the complaint will be dismissed on other grounds, however, the court will not address the deficiency of service.

**James C. Mahan**
**U.S. District Judge**

confidentiality of such proceedings. (*Id.*) Plaintiff argues that the violation of NSCR 121(1) is a violation of the Nevada and United States Constitutions. (*Id.* at 4).

Plaintiff brings claims for violations of his due process and equal protection rights under 42 U.S.C. § 1983 ("section 1983") against the State Bar and individual defendants. He also asserts an independent due process violation under the Fourteenth Amendment to the U.S. Constitution. Finally, he brings state law claims for libel, slander per se, intentional and negligent infliction of emotional distress, breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with an existing contractual relationship. Mr. Phillips seeks monetary, declaratory, and injunctive relief.

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* (internal quotations and alterations omitted). When the allegations in a complaint have not

**James C. Mahan**
**U.S. District Judge**

- 2 -

crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III. Discussion

As an initial matter, the court acknowledges that plaintiff's complaint was filed *pro se*[2] and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Mr. Phillips brings federal claims for: (a) violation of his Fourth and Fourteenth Amendment due process rights under section 1983; (b) violation of his Fourth and Fourteenth Amendment equal protection rights under section 1983; and (c) an independent violation of the Fourteenth Amendment. These claims will be addressed in turn. He also brings state law claims for relief, as described above. Those claims will be addressed after the federal claims.

A.   *Plaintiff's allegations do not implicate the Fourth Amendment*

In both his due process and equal protection claims, Mr. Phillips asserts violation of the Fourth Amendment. (*See* doc. # 7 at 4–6). The Fourth Amendment protects individuals against unreasonable searches and seizures. *See* U.S. Const. amend. IV. Plaintiff has not alleged that a search or seizure, within the meaning of the Fourth Amendment, occurred. (*See* doc. # 7).

In his opposition brief, Mr. Phillips argues that by disseminating his allegedly confidential information, the State Bar deprived him of a valuable property right—his license to practice law—

---

[2] The court notes that while plaintiff is proceeding *pro se*, he is also a licensed attorney in the state of Nevada.

**James C. Mahan**
**U.S. District Judge**

- 3 -

without a fair and impartial hearing. He asserts that a Fourth Amendment violation has therefore occurred. The Fourth Amendment does not, however, provide broad protection of any and all property. These allegations instead form the basis for a due process claim under the Fourteenth Amendment. They will be therefore be analyzed as such.

### B.    *Due process violations*[3]

Plaintiff's first federal claim for relief alleges that the State Bar and unnamed employees have "grossly failed to train, supervise, and discipline [its employees] in the fundamental laws of discipline and how they should act[ ]on behalf of themselves." (Doc. # 7 at 4). He alleges further that the actions of the individual defendants that form the brunt of the allegations in his complaint are the result of *de facto* policies of the State Bar and its employees. (*Id.*) Finally, he claims that the supervisory and policy-making "investigators" of the State Bar have effectively condoned the practices and policies by sanctioning the ethical rules with indifference to their violation of due process principles. (*Id.* at 4–5).

These conclusory allegations are accompanied by few statements of actual fact. The only factual basis for the supervisory and policy-making theories of liability—or any other theory of liability—is defendant Machado's disclosure of information related to complaints of attorney misconduct against Mr. Phillips.  In the SAC, plaintiff alleges that that the dissemination of information about the disciplinary actions against him shows that defendants have failed to follow their own rules on conduct, specifically NSCR 121(1), which states that:

> [a]ll proceedings involving allegations of misconduct by an attorney shall be kept confidential until the filing of a formal complaint. All participants in a proceeding, including anyone connected with it, shall conduct themselves so as to maintain the confidentiality of the proceeding until a formal complaint is filed.

N.S.C.R. 121(1).

Defendants argue that NSCR 121(15) qualifies NSCR 121(1) by allowing the State Bar to disclose certain information upon request by a third party. (*See* doc. # 10 at 4). The court agrees with defendants. NSCR 121(15) reads: [n]otwithstanding Rule 121(1), the state bar may disseminate the procedural status and the general nature of a grievance or complaint upon request."

---

[3] Plaintiff's third federal claim for relief is also a due process claim under the Fourteenth Amendment. The claim consists of conclusory allegations or factual allegations that the court has already analyzed with respect to Mr. Phillip's first claim for violation of his due process rights. The court's analysis of all plaintiff's claims for violation of his due process rights under the U.S. Constitution will therefore be contained in this section.

James C. Mahan
U.S. District Judge

- 4 -

N.S.C.R. 121(15). NSCR 121(15) gives the State Bar explicit discretion to disclose the procedural status and nature of grievances to third parties upon their request. In light of NSCR 121(15), Mr. Machado's alleged disclosure of the existence of bar grievances against Mr. Phillips does not violate the State Bar's own rules on conduct. In fact, the allegations place Mr. Machado's conduct squarely within the ambit of NSCR 121(15).

In his opposition to defendants' motion to dismiss, Mr. Phillips argues for the first time that regardless of whether the defendants or any other official affiliated with the State Bar violated their own rules, the rules are contradictory and therefore violate due process. Plaintiff's SAC does not contain allegations about the contradictory nature of the rules. A motion to dismiss is evaluated on the face of the complaint, and not on new arguments made by the plaintiff in subsequent pleadings. *See Iqbal*, 129 S.Ct. at 1949. The court will not consider this argument.

Taking plaintiff's sparse remaining factual allegations as true, the court will determine whether he has alleged a plausible claim for relief under a due process claim based on the State Bar's disclosure of the existence of attorney misconduct claims against him consistent with NSCR 121(15). Mr. Phillips does not distinguish between procedural and substantive due process, so his claims regarding Mr. Machado's conduct will be discussed under each theory.

        *i.      Procedural due process*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. To prevail on a section 1983 procedural due process claim, a plaintiff must show: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of that interest by the government; and (3) a lack of process. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). State law is the source for determining the constitutionally cognizable property interest; the due process clause does not create substantive rights in property. *See id.*; *see also Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998). "Notice and a meaningful opportunity to be heard are the hallmarks of procedural due process." *Ludwig v. Astrue*, 681 F.3d 1047, 1053 (9th Cir. 2012) (quotation marks and alterations omitted) (quoting *Guenther v. Comm'r*, 889 F.2d 882, 884 (9th Cir. 1989).

James C. Mahan
U.S. District Judge

The allegations in the SAC relate to the dissemination by the State Bar and its employees of information about grievances pending against the plaintiff. (Doc. # 7). In his opposition to this motion, Mr. Phillips alleges that the dissemination deprived Mr. Phillips of a fair and impartial hearing on the grievances. (Doc. # 11 at 3). Beyond these conclusory allegations, Mr. Phillips does not explain how release of the information impacted the process for resolving the grievances.

He correctly argues that his law license is a property interest, but he fails to allege that he was deprived of that interest. The plaintiff must allege a deprivation of the alleged property interest to state a claim for procedural due process. *See Portman*, 995 F.2d at 904. Furthermore, plaintiff fails to allege any connection between disclosure of information about a grievance proceeding and a lack of process for that proceeding. Importantly, he does not make any factual allegations related to the sufficiency of notice or denial of a meaningful opportunity to be heard. *See Ludwig* at 1053. He therefore fails to allege a lack of process, a necessary element of a claim for violation of procedural due process under section 1983. *See Portman*, 995 F.2d at 904.

Mr. Phillips has failed to make factual allegations sufficient to support a claim for violation of his procedural due process rights under section 1983.

### ii.    *Substantive due process*

The Supreme Court has described the "fundamental" rights protected by substantive due process as "those personal activities and decisions that this Court has identified as so deeply rooted in our history and traditions, or so fundamental to our concept of constitutionally ordered liberty, that they are protected by the Fourteenth Amendment." *Washington v. Glucksberg*, 521 U.S. 702, 727 (1997).

Substantive due process prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights implicit in the concept of ordered liberty." *Rochin v. California,* 342 U.S. 165, 175 (1952); *Palko v. Connecticut*, 302 U.S. 319, 325–26 (1937). Those rights are few, and include "the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men." *Washington*, 521 U.S. at 727 (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)).

Plaintiff does not and cannot cite to any case law indicating that the right to practice law free from a public disciplinary action is a "fundamental right . . . so deeply rooted in our history

**James C. Mahan**
**U.S. District Judge**

- 6 -

and traditions, or so fundamental to our concept of constitutionally ordered liberty, that [it is] protected by the Fourteenth Amendment." *Washington*, 521 U.S. at 727. Moreover, the alleged disclosure of general information about a disciplinary proceeding against Mr. Phillips to a reporter does not "shock the conscience." *See Rochin*, 342 U.S. at 175.

Plaintiff has not stated a cognizable claim for a violation of his substantive due process rights. As discussed above, he has also failed to state a claim for violation of his procedural due process rights. His claims for relief for violation of his Fourteenth Amendment due process rights under section 1983 will therefore be dismissed.

C. *Equal protection*

Mr. Phillips next federal claim is for violation of his Fourteenth Amendment equal protection rights under section 1983. He argues that the defendants violated the Equal Protection Clause of the Fourteenth Amendment by choosing to disclose information about bar grievances pending against him to a reporter. Mr. Phillips alleges that the State Bar "has shown its racial bias by at [sic.] picking on [a]ttorneys of race and color," and that it "improperly and illegally singled [Mr. Phillips] out." (Doc. # 7 at 6).

Section 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thorton v. City of St. Helens*, 425 F.3d 1158, 1167-68 (9th Cir. 2005) (internal quotations and citation omitted). "Where the challenged governmental policy is 'facially neutral,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001) (citation omitted). "All racial classifications, imposed by whatever federal, state, or local governmental actor, must be analyzed by a reviewing court under strict scrutiny." *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227, 115 S. Ct. 2097, 2113, 132 L. Ed. 2d 158 (1995).

Reading plaintiff's complaint in the most favorable light, the court finds that plaintiff fails to allege that defendants treated him or any other non-white attorneys—as a protected class— differently from other similarly situated attorneys. The SAC contains no allegations about the conduct of the State Bar or any of its employees with respect to any attorney other than plaintiff,

**James C. Mahan**
**U.S. District Judge**

- 7 -

besides conclusory statements about "picking on attorneys of race and color." (Doc. # 7 at 6). Mr. Phillips fails to allege how or why he was "singled out," or how the decision to comply with a reporter's request for information about grievances pending against him was motivated by any "invidious or discriminatory purpose." *Lee v. City of L.A.*, 250 F.3d at 686.

Similarly, plaintiff's conclusory allegations that the State Bar failed to properly screen employees for racial bias lack factual support. Mr. Phillips fails to bolster these conclusions with any non-conclusory claims, which, if taken as true, establish a policy or custom of hiring employees with a predisposition to "pick on" attorneys of a certain race or ethnicity. Viewing the allegations in the light most favorable to him, plaintiff has thus failed to plead a discriminatory policy that has resulted in a protected class being treated differently from other similarly situated individuals. Mr. Phillips has therefore failed to state a claim for violation of his Fourteenth Amendment equal protection rights under section 1983. That claim will be dismissed.

   D.  *State Law Claims*

All of plaintiff's federal law claims will be dismissed based upon the analysis above. After dismissal of the federal claims, the court will no longer have original jurisdiction over any claim in the SAC. The court cannot, therefore, exercise supplemental jurisdiction over Mr. Phillip's state law claims under 28 U.S.C. § 1367. Plaintiff's remaining state law claims will be dismissed without further analysis.

   D.  *Eleventh Amendment and Qualified Immunity*

Defendants argue that the Eleventh Amendment protects the State Bar and its employees, to the extent they acted within their official capacities, from liability for plaintiff's claims for monetary damages. (Doc. # 10 at 3–4). They also contend that the individual defendants are entitled to qualified immunity, providing an additional layer of protection against civil liability for damages. (*Id.* at 4–6). Because plaintiff fails to state cognizable claims over which this court has jurisdiction against any defendant in any capacity, the court will not address the immunity issues.

**IV.**  **Conclusion**

Plaintiff fails to state a claim upon which relief can be granted under federal law. Plaintiff's federal claims will be dismissed. After dismissal of the federal claims, the court will have no jurisdiction over the plaintiff's state law claims, and the state claims will be dismissed as well. Plaintiff's complaint will therefore be dismissed in its entirety.

**James C. Mahan**
**U.S. District Judge**

- 8 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants The State Bar of Nevada (the "State Bar") and Phillip J. Pattee's motion to dismiss the second amended complaint (doc. # 10) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that *pro se* plaintiff David Lee Phillip's second amended complaint (doc. # 7) be, and the same hereby is, DISMISSED in its entirety without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED March 3, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**